UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 13-21700-CIV-LENARD/O'SULLIVAN

FRANCISCO SANTIAGO SAINZ,

    Petitioner,

vs.

LUZ DARY BEDOYA VALENCIA,

    Respondent.

_____/

## AGREED ORDER DIRECTING RETURN OF MINOR CHILD TO THE KINGDOM OF SPAIN BASED ON PARTIES' SETTLEMENT AGREEMENT AND CLOSING THE CASE

This Agreed Order Directing Return of Minor Child to the Kingdom of Spain Based on the Parties' Settlement Agreement and Closing the Case is made pursuant to the 1980 Convention of the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq. This matter is before the Court upon the parties' Joint Notice of Settlement dated June 20, 2013. The Court has fully considered the Joint Notice and the accompanying Settlement Agreement.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Arancha Santiago Bedoya, born on September 1, 2005 (the "Child," whose name and birth date are included here at the express request of the Parties, the Child's parents, for purposes of effectuating the Child's return to Spain), shall be returned in the company of her father, Petitioner, Francisco Santiago Sainz ("Petitioner"), to Petitioner's residence in the Kingdom of Spain, on or before June 28, 2013. Petitioner shall report the arrival of the Child in the Kingdom of Spain immediately to the Hague Central Authority for Spain.

2. Petitioner shall be responsible for the cost of the Child's travel to Spain.

3. The Child shall remain under the custody of Petitioner from the date of this Order until her return to Spain with Petitioner. Respondent, Luz Dary Bedoya Valencia ("Respondent") shall be permitted to visit with the Child on odd-numbered weekdays, from 9:30 AM to 11:30 AM, and every Saturday, from 9:30 AM to 11:30 AM, at the office of guardian ad litem, Karina Lapa, 10220 State Road 84, Suite 2, Davie, Florida 33324. Petitioner shall transport the Child to the guardian ad litem's office on the aforementioned dates and times, unless otherwise agreed between the parties.

4. By virtue of this Order, Petitioner has the exclusive right to the physical and legal custody of the Child for the purpose of returning and arranging the return of the Child in his company to the Kingdom of Spain.

5. In order to effectuate the terms of this Order, Respondent shall fully cooperate, to the extent necessary and possible, to effectuate the return of the Child to Spain, should there be any issues preventing or restricting Petitioner from entering Spain with the Child.

6. The Court will return Petitioner's and the Child's passports to Petitioner.

7. This case is DISMISSED.

8. Each party shall bear its own costs and attorneys' fees.

9. Petitioner shall immediately voluntarily dismiss the criminal petition filed by Petitioner in Spain.

10. This Court shall retain jurisdiction to enforce the Settlement Agreement between the parties, which is attached hereto and incorporated herein.

11. This Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention.

12. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 21 day of June 2013.

_____
UNITED STATES MAGISTRATE JUDGE